UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD ROSEBROUGH, et al.,

    Plaintiffs,

v.

BANNUM PLACE, INC., et al.,

    Defendants.

Case No. 18-cv-10222
Hon. Matthew F. Leitman

_____/

# ORDER DENYING PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE (ECF #27)

On November 1, 2018, Plaintiffs purported to serve a subpoena for documents on non-party Charter Communications Corporate Offices. (*See* ECF #27 at Pg. ID 161-164.) The subpoena seeks the production of certain phone records, including "all incoming and outgoing calls, text[s,] and email messages from Bannum Place Facility." (*Id.* at Pg. ID 162.) Charter Communications Corporate Offices has not responded to the subpoena, and Plaintiffs have now filed a motion for an order to show cause why the Court should not hold Charter Communications Corporate Offices in contempt for failing to produce the requested documents. The motion is **DENIED** for three reasons.

First, the subpoena and accompanying documents are confusing and riddled with inconsistencies, and the Court therefore cannot determine that Plaintiffs ever properly served "Charter Communications Corporate Offices" with the subpoena. In Plaintiffs' motion for an order to show cause, Plaintiffs assert that "non-party Charter Communications Corporate Offices [has] refused to comply with the subpoena request."

1

(*Id.* at Pg. ID 157.) And Plaintiffs seek a show cause order directed at "Charter Communications Corporate Offices." However, the cover letter accompanying Plaintiffs' subpoena and the subpoena itself are not directed at an entity called "Charter Communications Corporate Offices." Instead, the letter and subpoena appear to be directed to a wholly different entity – "Spectrum Corporate Office." (*Id.* at Pg. ID 161-62.) Moreover, it does not appear as if Plaintiffs served the subpoena on either "Charter Communications Corporates Offices" or "Spectrum Corporate Office." Indeed, the Proof of Service attached to the subpoena indicates that Plaintiffs served the subpoena on a third entity, "Spectrum Business." (*Id.* at Pg. ID 163.)

Plaintiffs have not provided any evidence that these three entities are related in any way.[1] Nor have Plaintiffs shown that they could properly serve "Charter Communications Corporate Offices" with a subpoena by serving the subpoena on either "Spectrum Corporate Office" or "Spectrum Business." Under these circumstances, Plaintiffs have not provided sufficient evidence that they ever actually served "Charter Communications Corporate Offices" with the subpoena. Plaintiffs are therefore not entitled to a show cause order directed at "Charter Communications Corporate Offices."

---

[1] The Court questions whether "Charter Communications Corporate Offices" or "Spectrum Corporate Office" are actual corporate entities capable of accepting service of a subpoena. It may be that Plaintiffs meant to serve entities called "Charter Communications" and/or "Spectrum" *through* serving the subpoena at their respective corporate offices, but it is far from clear that the entities actually named in the motion and subpoena exist and are capable of accepting service of a subpoena.

Second, Plaintiffs have not sufficiently established that the manner in which they served the subpoena is valid. Plaintiffs purported to serve the subpoena by mailing it, by First Class Mail, to an individual named Michael Tillman at "Spectrum Business." (*Id.* at Pg. ID 163.) The cover letter companying the subpoena further indicates that the subpoena was emailed to a "leroc@charter.com" and faxed to an unidentified phone number located in Missouri.[2] (*Id.* at Pg. ID 161.) Plaintiffs have not explained who Michael Tillman is or to whom the email address "leroc@charter.com" and fax number belong. Nor have they explained how or why it would be appropriate to serve the subpoena on "Charter Communications Corporate Offices" through any of these methods. Accordingly, the Court is not persuaded that the manner of service of the subpoena is sufficient.

Finally, even if Plaintiffs could establish that they properly served Charter Communications Corporate Offices with the subpoena, Plaintiffs would still not be entitled to a show cause order due to Charter's failure to respond to the subpoena. Federal Rule of Civil Procedure 45(c)(2)(A) provides that a subpoena may command "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Here, the subpoena was directed to an entity located in Stanford Connecticut. (*See id.* at Pg. ID

---

[2] Confusingly, despite faxing the cover letter and subpoena to a phone number in Missouri, the cover letter companying the subpoena identifies the intended recipient as "Spectrum Corporate Office" located in Stamford, Connecticut. (ECF #27 at Pg. ID 161.) And Michael Tillman, the individual to whom Plaintiffs mailed the subpoena, is not located in either Missouri or Connecticut. He is apparently located in Wixom, Michigan. (*See id.* at Pg. ID 163.)

3

162.) However, the subpoena required the production of documents at Plaintiffs' counsel's offices in Southfield, Michigan. (*See id*.) Southfield, Michigan is more than 100 miles from Stamford, Connecticut. And Plaintiffs have not provided any evidence that "Charter Communications Corporate Offices" regularly transacts business within 100 miles of Plaintiffs' counsel's offices. Accordingly, Plaintiffs have not sufficiently established that the subpoena complies with the requirements of Rule 45. This is an independent reason to deny Plaintiffs' motion.

For all of the reasons stated above, Plaintiffs are not entitled to a show cause order directed at Charter Communications Corporate Offices. Therefore, Plaintiffs' motion for an order to show cause (ECF #27) is **DENIED**.

**IT IS SO ORDERED**.

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: January 9, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 9, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764